In the Matter of the Application of LONG ISLAND LIGHTING COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting The Public Service Commission of the State of New York, and THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants. (Consolidated by stipulation with proceeding of same title.) Review by certiorari of orders of the Public Service Commission dated December 18, 1935, fixing maximum rates to be charged by the Long Island Lighting Company for electricity in the westerly portion of its territory, an order of the Public Service Commission dated January 23, 1936, denying an application for a rehearing, an order of the Public Service Commission dated July 21, 1936, as amended July 28, 1936, fixing maximum rates to be charged by the Long Island Lighting Company for electricity furnished to

consumers in the easterly portion of its territory and also fixing certain additional new rates for electricity furnished its consumers in the westerly portion of its territory. These are two reviews which by stipulation have been consolidated. The Long Island Lighting Company is a public utility furnishing gas and electric service to a substantial portion of Long Island. Various complaints were filed against the rates it was charging for electricity. They were all heard in one proceeding. The hearings lasted over a period of years and a vast amount of testimony has been taken. Finally, on December 8, 1935, the Commission made an order prescribing the rates to be established by the company in the westerly portion of its territory and on July 21, 1936, the Commission made a supplemental order effectuating a similar reduction for the easterly portion of petitioner's territory and prescribing additional rate reductions for the westerly portion. A careful examination fails to show sufficient errors on the part of the Commission to warrant an annulment of its determinations. We find neither confiscation under the constitutional guaranties nor failure to comply with the Public Service Law. The petitioner's first and perhaps chief complaint is that the Commission used the straight line method of determining depreciation. We find a sufficient factual foundation for the adoption of this method. The petitioner contended that no depreciation should be deducted, simply the cost of restoring the depreciable property to a new condition. There was ample evidence before the Commission to sustain its method of determining depreciation. As to land values the Commission was justified in disbelieving the evidence of the petitioner's experts. In determining the rate base the Commission improperly deducted an item of $673,957 for consumers' contributions. (*Board of Public Utility Commissioners* v. *N. Y. Tel. Co.*, 271 U. S. 23.) Likewise the Commission improperly deducted the accounts payable from working capital and cites as an authority *Matter of Yonkers Electric L. & P. Co.* v. *Maltbie* (271 N. Y. 364), because it says it there followed the same method of computation. The *Yonkers* case is no authority in the instant case as the Commission was there fixing temporary rates and it was conceded that if the rates there fixed had any element of finality, they would be unconstitutional and void. The Commission also failed in determining operating expenses to make proper allowance for electric energy tax. With the exception of the errors above mentioned, which are not of sufficient magnitude to change the result, the commission was, in each of its findings, dealing with a question of fact and its determination had ample evidence to support it. It is only the ultimate result which counts. (*Dayton Power & Light Company* v. *Commission*, 292 U. S. 290.) We find in the final results neither confiscation nor failure to fix reasonable rates under the Public Service Law. Orders and determinations unanimously confirmed, with fifty dollars costs and disbursements. Present — Rhodes, Acting P. J., McNamee, Crapser, Bliss and Heffernan, JJ.