Edward S. Conway, J.
This is an article 78 proceeding brought by the petitioner, St. Lawrence Gas Company, Inc., for an order: (1) reversing and annulling that part of respondent’s decision in case No. 26678 which rejected petitioner’s "going value” adjustment; and (2) directing that petitioner be permitted, for ratemaking purposes, to add to its rate base $3,116,454.
The petitioner filed with respondent in July of 1974 a request for a change in its rate structure designed to produce increased annual revenues of $1,600,000. The rate case was given the case No. 26678 by the respondent and hearings were held before a hearing examiner of respondent Public Service Commission. During the hearings, petitioner presented testimony in support of its claim that it is entitled to an allowance as part of its rate base for "going value” of some $3,116,454, pursuant to the Court of Appeals case of People ex rel. Kings County Light. Co. v Willcox (210 NY 479).
The hearing examiner, in his recommended decision, rejected the "going value” claims on the ground that "going *974 value” adjustment is nothing more than another name for retroactive ratemaking, a concept which is inconsistent with the public interest. The respondent, Public Service Commission, agreed with the examiner on the "going value” adjustment in its opinion and order issued April 17, 1975. Subsequently, respondent Public Service Commission denied petitioner’s request for a rehearing on the issue of "going value”.
The petitioner contends that respondent’s determination made with reference to the issue of "going value” was made in violation of the applicable law of the State of New York and the determination of respondent was affected by an error of law in interpreting the case law (People ex rel. Kings County Light. Co. v Willcox, supra) as enunciated by the New York Court of Appeals and as same is affected by decisions of the United States Supreme Court, and further, that the hearing examiner’s language, that "going value” adjustment is retroactive ratemaking, is an abuse of discretion, arbitrary and capricious in that the Kings County Light. Co. case refers to developmental costs and not deficiencies, and that the refusal of respondent to allow the petitioner to add the "going value” to the rate base for rate-making purposes is confiscatory and a denial of petitioner’s property rights without due process.
The court cannot agree with these contentions of the petitioner. Petitioner had commenced service in St. Lawrence County in 1962 and contended that from 1962-1969 it was unable to earn a reasonable return on its investment and that it is entitled to an inclusion of developmental costs in establishing the company from a "bare bones” operation which took from 1962-1969 when it finally became an established utility operation, and further, it was necessary to set its rates at a level lower than necessary in order to match competition from an oil company. The company claimed deficiencies in its earnings from 1962-1969 totaling $3,116,454 which it was necessary to incur to develop its business.
The Public Service Commission considered and rejected the petitioner’s argument that the rate adjustment sought was mandated by People ex rel. Kings County Light. Co. v Willcox (supra). The court held in that 1914 decision that (p 492) " 'going value’ for rate purposes as involved in this case to be the amount equal to the deficiency of net earnings below a fair return on the actual investment due solely to the time and expenditures reasonably necessary and proper to the *975 development of the business and property to its present stage, and not comprised in the valuation of the physical property.”
The United States Supreme Court overruled the doctrine of the Kings County Light. Co. case as it applied to gas corporations in Federal Power Comm. v Hope Gas Co. (320 US 591) and further, even the application of "going value” did not permit a petitioner to make up past losses in future rates (Galveston Elec. Co. v Galveston, 258 US 388; see, also, Matter of New Rochelle Water Co. v Public Serv. Comm. of State of N. Y., 31 NY2d 397).
Therefore, the petition is dismissed and the determination of the respondent Public Service Commission is confirmed.