■ In the Matter of ST. LAWRENCE GAS COMPANY INC., Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered November 3, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul an order of respondent insofar as it rejected a "going value" adjustment to petitioner's rate base allowance and confirmed respondent's order for a rate increase for petitioner. Having commenced service in St. Lawrence County in 1962, petitioner filed with respondent in July of 1974 tariff leaves designed to increase its annual revenues by approximately $1.6 million. Following respondent's suspension of the tariff leaves and filings, hearings were conducted at which petitioner argued its entitlement to a $3.1 million increase in its rate base allowance for "going value", i.e., development costs for its business. According to petitioner, these costs in its early years of operation, including lower rates than sufficient to produce a fair rate of return, were necessitated by competition from the oil industry and resulted in deficiencies in its earnings for the years 1962 through 1969. In his recommended decision, the hearing examiner rejected this argument as "a euphemism for retroactive rate relief", and concurring with this recommendation, respondent labeled the proposed adjustment as merely "an attempt to recoup in this proceeding low earnings experienced during 1962-1969". As a consequence, it authorized an increase of $625,555 in petitioner's annual revenues rather than the $1.6 million requested. When petitioner's subsequent request for a rehearing was denied, the present proceeding was instituted. Special Term dismissed the proceeding and the present appeal ensued. On this appeal, the sole question presented is whether Special Term erred in upholding respondent's refusal to make allowance for petitioner's "going value" in determining its rate base. We find that it did not. Conceding that "going value" is a factor which respondent may consider in establishing a rate base allowance, the critical issue is not which of many possible variables respondent utilized in reaching its decision, but whether, in fact, the ultimate order established a rate which is just and reasonable (*Matter of City of New York v Public Serv. Comm. of State of N. Y.,* 17 AD2d 581, mot for lv to app den 13 NY2d 594). Thus, even assuming that respondent may have erred in the process of making its determination, it is only the "total effect" of a rate order (*Power Comm. v Hope Gas Co.,* 320 US 591, 602), or its "ultimate result" (*Matter of Long Is. Light. Co. v Maltbie,* 249 App Div 918, 919) which really counts, and the burden is on a petitioning utility to show that the rate fixed is not just and reasonable (Public Service Law, § 72). In this instance, petitioner has not carried its burden. There is no showing in the record that the rate increase granted threatens petitioner's financial integrity or its ability to attract capital or that it denies its investors adequate compensation for the risks assumed (*Power Comm. v Hope Gas Co., supra,* p 603). Moreover, the finding that the proposed $3.1 million adjustment is actually an attempt to recoup for past low earnings is reinforced by the method of its computation wherein petitioner compared its earnings during its developmental years with other gas utilities' rates of return. In conclusion, we would emphasize that

government regulation of a utility does not guarantee that its business will be profitable and that the risk of failure remains on the company *(Power Comm. v Pipeline Co.,* 315 US 575). Judgment affirmed, with costs. Greenblott, J. P., Kane, Main, Herlihy and Reynolds, JJ., concur. [83 Misc 2d 973.]